Sneed, J.,
delivered the opinion of the court.
The question here is, has a sufficient case been presented for relief by writ of error coram nobis?
The facts were the following:
At the February term, 1866, of the Law Court of Memphis, R. S. Jones & Co. recovered a judgment against Campbell & Norvell for $9,053.94, of which $2,126 were remitted by the plaintiffs. The sheriff, finding no property of the defendants on which to levy the execution, served a garnishment upon T. C. Park, one of the members of the firm of Pearce, Park & Co., citing the firm to appear before the *283 court on the 2d Monday of June, to answer the garnishment. Upon that day M. C. Pearce, another member of the firm, appeared, and stated to the clerk that neither his firm nor himself was indebted to Campbell & Norvel; nor had, nor knew of any one else who had, possession of any of their effects. Thereupon, the clerk drew up a brief and imperfect answer, which was sworn to and subscribed by Pearce, and was filed with papers of the case; but not marked filed. On the 21st of July, 1866, during this term of the court, an entry was made at the instance of R. S. Jones & Co., that unless the members of the firm of Pearce, Park & Co., naming them, should severally appear and answer the garnishment before the judge of the court, on the 27th July, 1866,. the court would proceed to render judgment against them. It does not appear that the garnishees had' any actual notice of this entry. On the 3d of August following, during the same term, a judgment nisi was rendered against the garnishees for failing to appear and answer on the 27th of July, on which a. sci. fa. issued, summoning them to appear at the following October term. The sci. fa. was returned executed on all the members of the garnisheed firm; but it was actually executed on only one of them.. On the 8th of October, the day designated in the. sci. fa., T. C. Park appeared in court before the clerk, the judgeship of the court being then vacant, and stated that he was present to file an answer for Pearce, Park & Co. to the garnishment and sci. fa.-, and, upon his statement, the clerk prepared an an *284 swer, reiterating the denial of the former answer, of. any indebtedness to Campbell & Norvel, &c. This answer was signed and sworn to by Park, and placed among the papers of the ease; but not marked filed. On the 15th of the following December, a judgment final by default was rendered against the garnishees, for $6,927.94, the amount of the debt and interest due from Campbell & Norvell to R. S. Jones & Co. At the time of the rendition of this final judgment by default, it was not brought to the attention of the •court that either Pearce or Park had ever answered, ■or attempted to answer, the garnishment or the sci. fa. Execution having issued upon this judgment, thereupon Pearce, Park & Co. resorted to this writ of error coram nobis to have the judgment vacated, which was done by the court below, and R. S. Jones & Co. thereupon appealed to this court.
The petition denies positively that there was any indebtedness of Pearce, Park & Co., or any of them, to Campbell & Norvell, or either of' them; or that the former firm, or any of them, had possession of any of the effects of the latter, or of either of them; or knew of any one indebted to, or having possession of any of the effects of, said firm, or either of them. It then sets forth substantially the foregoing, with the additional fact, that, upon the service of the garnishment notice, one of the petitioners asked the advice of W. C. Ealkner, a lawyer of Ripley, Mississippi, who happened to be present at their store, who informed him that all he had to do was to go before the clerk and answer, as he afterward did.
*285 Tbe petitioners aver that they were guiltless of any intentional neglect of duty in the premises, and that they supposed they had fully complied with all the requirements of the law.
No issue was made upon any of the allegations of the petition. It was first moved to dismiss the petition; and, this motion being overruled, the petitioners proceeded to assign errors, and thereupon it was replied, in nullo est erratum, and the court decided the case upon the allegations of the petition,, which were of course admitted by the motion to dismiss, and also by the reply of in nullo est erratum, which was in the nature of a demurrer to the assignment of errors, itself substantially a reiteration of the petition.
A single question is decisive of the case. Was there any error of fact occurring in these proceedings,, whereby the defendants were, in the language of the Code, see. 3116, “prevented from making defense by surprise, accident, mistake, or fraud, without fault” on their part?
If there was anything in the case which, through no fault of the defendants, was not brought to the attention of the court, but if known would have prevented the judgment, then they are entitled to relief. Crawford v. Williams, 1 Swan, 345; Bigham v. Brewer, 4 Sneed, 432; Patterson v. Arnold, 4 Col., 364.
It stands admitted that the petitioners did not owe Campbell & Norvell one cent. It is sought to fasten this heavy debt upon them upon the hypothesis of a mere technical liability. In the absence of any con *286 tumacy or gross laches, such a case cannot but appeal powerfully to the remedial justice of even a court •of law, which, although, through the necessity of acting upon general rules sometimes yielding hard cases, it cannot always conform to the natural justice of a case, yet fails to do so always with great reluctance.
The writ of error coram nobis, under our Code, may come in for the praise bestowed by .Sir 'William Blackstone upon the audita querela, as a “ writ of most remedial nature, which seems to have been invented lest in any way there should be an oppressive defect of justice.” 2 Cooley’s Blackstone, 404. It is a very ancient remedy, and is so called from its being founded on the record of the case, which was stated in the writ to remain in the court, coram nobis, — the court in which the judgment complained of was given. It lies for errors of fact only, which are not the errors of the judges. Its efficiency has been greatly increased by modern legislation and judicial rulings. The examples usually given in the •old text-books of the character of errors of fact for which the writ would lie, — e. g., where an infant appeared by attorney instead of by guardian; where the plaintiff or defendant was at the time of the commencement of the suit a married woman, etc., — would indicate a narrow scope compared with that under our law. This court has said that the provision of our Code already cited was intended to enlarge the application of the remedy. A familiar illustration of the kind of mistake or surprise which, by preventing a defense authorized the remedy, is where the defend *287 ant innocently believed that he had employed an attorney to defend the suit, who, however, did not attend to it, and judgment by default was rendered. Crawford v. Williams, 1 Swan, 345.
Row, if the fact had been made known to the court in the present case, that the garnishees, instead of acting as they appeared to have done, contumaciously or with gross negligence, had, through one of their number, come forward and attempted to make a good answer to the process, and that the clerk had undertaken to reduce this to writing and to file it in the case, and thereby the party had been led to depart under the belief that he had discharged his whole duty; in this event, the judgment nisi would not have been rendered, but the court would have resorted to the proper practice indicated in Moore v. Green, 4 Hum., 301, and Pickler v. Rainey, 4 Heis., 340, of calling the parties in to the presence of the court to •answer upon interrogatories, and thus their full answer would have been elicited, containing the denials of indebtedness, &c., set forth in their petition. It cannot be said that the party who answered was to blame for not bringing the answer to the attention of the court; for if properly filed, it would have been brought before the court, and it was the duty of the clerk to file it properly, and the party had the right to rely upon him to do so.
It does not appear that the entry of July 21, 1866, was ever actually made known to the defendants.
The disposition of the court should not be to *288 strain the law against a garnishee. He stands in the attitude of a mere witness, indifferent between the parties. If not indebted, if in no actual contempt, and if he have in good faith tried to discharge his duty, and have failed through no fault of his own, but through the negligence of an officer of the court, he should rather be protected than harshly dealt with.
. The court was not only not advised of the attempt to answer the garnishment, but also of the subsequent attempt to answer the sci. fa. Had this been brought to its notice, the judgment final would not have been rendered.
It may be observed, that in this State the practice is not uniform in answering the writ of garnishment. In Foster v. Saffel, 1 Swan, 91, it was said that the plaintiff had the right to the examination of the garnishee before the court. But it is notorious that the common practice is for him to go before the clerk and make an ex parte answer to the questions propounded, which the clerk files as part of the record in the case. If this be defective or evasive, the plaintiff has the right, said Judge Totten in the case just cited, to the public examination of the garnishee, who should then be called into court for that purpose.
In the present case, the clerk, who undertook to write and file the answer • to the garnishment, neglected properly to file it; but the party who had attempted to answer went away in the full belief that he had done all that was required of him. After service of the sei. fa., another well-intended effort *289 was made to answer, which failed, likewise through the fault of the clerk; but again the party went away in the full confidence that he had done his full’ duty.
It would be a great outrage, under these circumstances, to hold these garnishees to pay this heavy debt, not one cent whereof do they owe, simply because of the negligence of the clerk.
We think that the case comes within the scope-of section 3116 of the Code, and that the judgment of the court below was correct.
Affirm the judgment.